IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01260-WYD-BNB

GOLDER ASSOCIATES, INC., a Georgia corporation,

Plaintiff,

v.

EDGE ENVIRONMENTAL, INC.,
DANIEL DUCE,
CAROLYN LAST,
ARCHIE REEVE, and
MARY BLOOMSTRAN,

Defendants.
_____

**AMENDED ORDER**
_____

This matter is before me on the following:

(1) **Defendants' Motion for Protective Order** [Doc. # 38, filed 2/16/2007] (the "Motion for Protective Order");

(2) **Plaintiff's Combined Motion to Compel Production of Documents and Response to Defendants' Motion for a Protective Order** [Doc. # 39, filed 2/16/2007] (the "Response"); and

(3) **Plaintiff's Unopposed Motion to Amend the Scheduling Order and Request for Hearing on March 12, 2007 at 1:30 PM** [Doc. # 40, filed 2/17/2007] (the "Motion for Extension").

I held a hearing on the motions this afternoon and made rulings on the record, which are incorporated here. In summary and for the reasons stated on the record:

IT IS ORDERED that the Motion for Protective Order is DENIED. The <u>defendants</u> shall produce the responsive materials on or before **March 22, 2007**. Production of the materials may be subject to a blanket protective order in the nature of the order entered in <u>Gillard v. Boulder Valley Schools</u>, 196 F.R.D. 382 (D. Colo. 2000), should the parties choose to submit one. In addition, the responsive materials shall be disclosed only to plaintiff's outside counsel, plaintiff's independent expert, Cliff Nitter, Steven Thompson, and Paul Cohen.

IT IS FURTHER ORDERED that insofar as the Response seeks affirmative relief, it is DENIED pursuant to D.C.COLO.LCivR 7.1C, which provides in relevant part that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper."

IT IS FURTHER ORDERED that the Motion for Extension is GRANTED, and the case schedule is modified to the following extent:

> **Discovery Cut-Off:**              **June 26, 2007**
>
> (All discovery must be **completed** by the discovery cut-off. All written discovery must be served so that responses are due on or before the discovery cut-off.)
>
> **Dispositive Motions Deadline:**              **June 26, 2007**
>
> **Expert Disclosures:**
>
> **(a)**   The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **April 26, 2007**
>
> **(b)**   The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **May 25, 2007**

**Settlement Conference:** A settlement conference is set for **May 31, 2007, at 1:30 p.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. Attorneys and client representatives with full authority to settle the case must be present at the settlement conference in person. (NOTE: This requirement is not fulfilled by the presence of counsel only. If an insurance company is involved, an adjustor with authority to enter into a settlement must also be present.)

Each party shall submit a confidential settlement statement to my chambers on or before **May 24, 2007**, outlining the facts and issues in the case and containing a specific offer of compromise, including a dollar amount the client will accept or pay in settlement and any other essential elements of a settlement.

**Final Pretrial Conference:** The final pretrial conference set for June 25, 2007, at 8:30 a.m., is VACATED and RESET to **August 28, 2007, at 8:30 a.m.** A proposed Final Pretrial Order shall be prepared by the parties and submitted to the court no later than **August 21, 2007**.

Dated March 13, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge